## JAMES M. NIXON

### v.

## GEORGE W. NOBLE.

FORCIBLE DETAINER—*sufficiency of demand by an agent.* A demand of possession by a landlord, which is served by his agent, where the demand itself discloses the fact of the agency of the person serving the same, is sufficient.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of forcible detainer, brought by George W. Noble against James M. Nixon, before a justice of the peace, and taken by appeal to the circuit court.

The following is a copy of the written demand for possession:

"TO JAMES M. NIXON:

SIR—You will please to take notice, that I demand immediate possession of those certain premises, now occupied by

you, known as" (*giving description*), "of which said premises, you have possession under a certain lease, dated the 8th day of May, A. D. 1872, of the same, from me to you, from the 9th day of May, A. D. 1872, for and during, and until the 6th day of June, A. D. 1872, which said term has now expired. Mr. Joel Lull is hereby constituted my agent to receive such possession from you, and is authorized to and will receive the same for me.       Yours, etc.,

CHICAGO, *June* 7, 1872.       G. W. NOBLE."

This demand was served on the defendant by Lull, on June 12, 1872, by the delivery of a copy, and possession refused. The other facts appear in the opinion.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. McCAGG, FULLER & CULVER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

At the commencement of the trial, in the court below, appellant moved the court to dismiss the complaint, upon the ground that the notice to him, in reference to Lull's agency, was not in writing. The court overruled the motion, and appellant excepted.

It is now contended that the demand for possession does not contain any notice of Lull's agency, or that appellant knew or had any cause of knowing that Lull was an agent.

This objection is not supported by the record. The notice, as it therein appears, contains this clause: "Mr. Joel Lull is hereby constituted my agent to receive possession from you, and is authorized to and will receive the same for me." Lull was examined as a witness, upon the trial, and proved the service of the demand in writing for the possession of the property, upon the appellant, by copy, and that appellant refused to surrender possession.

We are unable to perceive the slightest objection either to

3—70TH ILL.

the demand itself, the appointment of Lull as agent, or the sufficiency of the service of the notice.

The term for which the property was let to appellant, was four weeks; and it is contended that the evidence shows that appellee verbally agreed to let appellant have the property for another term of one year, commencing at the expiration of the first term. One witness does swear to such an agreement, but it is directly contradicted by the evidence of appellee. If the witnesses were equally credible, the fact is not proved. We can not say the jury ought to have found, under the evidence, otherwise than as they did.

We perceive no error in the record, and the judgment is therefore affirmed.

*Judgment affirmed.*